IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 09-cv-01154-LTB

LARRY ROGER OLSON and
SHARON RENAE OLSON,

      Debtors-Appellants,

v.

SIMON RODRIGUEZ, Chapter 7 Trustee,

      Trustee-Appellee.

_____

ORDER
_____

      Debtors-Appellants Larry Roger Olson and Sharon Renae Olson appeal the United States Bankruptcy Court for the District of Colorado's Order dated April 10, 2009 granting the Trustee-Appellee's Motion to Compel Turnover [Doc # 40] and Order dated May 12, 2009 denying Appellants' Motion for Amended or Additional Findings [Doc #46]. Oral argument would not materially assist in determination of this appeal. After full consideration of the record and the parties' briefs, I affirm the orders of the bankruptcy court.

## I. Jurisdiction

      Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from "final judgments, orders and decrees" of the bankruptcy court. There is no dispute that the orders that are the subject of this appeal are final and that this Court has jurisdiction over this appeal.

## II. Background

      On July 1, 2008, Appellants filed for relief under Chapter 7 of the Bankruptcy Code in Case No. 08-19480-ABC. On the attached Schedule B, at paragraph 19, Appellants listed the

following asset:

> Americo Financial Life and Annuity Insurance Company Annuity. Payments from non-assignable annuity contract. Monthly payments are $946.27. The terms of the contract do not allow modification, or assignment and has no cash value.

Appellants then identified the current value of their interest in this asset (the "Annuity") as zero. Appellants did not claim an exemption for the Annuity on Schedule C of their bankruptcy filing.

On October 21, 2008, the Trustee filed his Motion to Compel Turnover [Doc # 17] in which he asserted that Appellants' interest in the Annuity was the property of the bankruptcy estate and that he was entitled to the turnover of the Annuity and all post-bankruptcy petition payments made on it. In response, Appellants asserted that the Annuity was not property of the bankruptcy estate within the meaning of 11 U.S.C. § 541 and that their interest in the Annuity, if any, was in the nature of a beneficiary of a trust. At a status and scheduling conference on January 7, 2009, the bankruptcy court ordered the parties to file stipulated facts relevant to resolution of the Trustee's Motion to Compel Turnover, if possible, and simultaneous briefs on the dispositive legal issues at a later date.

On January 23, 2009, the parties filed their Stipulated Facts Regarding Trustee's Motion to Compel Turnover [Doc # 34]. Among other things, the parties stipulated that Appellant Larry Roger Olson's mother, Lucille A. Branson, was the annuitant and owner of the Annuity and that she designated Mr. Olson as her sole beneficiary. *See* Doc # 34, ¶¶ 5, 7 & 11. Following Ms. Branson's death, Mr. Olson received monthly payments under the annuity in the amount of $946.27 from June 6, 2004 to the present. *See* Doc # 34, ¶¶ 15 & 16. The parties also noted that an endorsement to the Annuity provides that "... ownership of the contract to which this endorsement is attached shall not be changed. The contract shall be irrevocable, non-assignable,

and otherwise non-transferable." *See* Doc # 34, ¶¶ 12 & 13.  The parties stated their respective positions regarding the Annuity as follows:

> [Appellants] take the position that the [Annuity] is not property of the bankruptcy estate under the provisions of 11 U.S.C. § 541(c)(2), and the Trustee takes the position that the Annuity is property of the bankruptcy estate and subject to turnover.

*See* Doc # 34, ¶ 4.  Section 541(c)(2) relied on by Appellants provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under nonbankruptcy law is enforceable in a case under this title."

Following briefing by the parties, the bankruptcy court granted the Trustee's Motion to Compel Turnover by Order dated April 10, 2009.  In the April 10, 2009 Order, the bankruptcy court identified three relevant inquiries in determining whether the exception set forth in 11 U.S.C. § 541(c)(2) was applicable to the Annuity:  (1) does the debtor have a beneficial interest in the trust; (2) is there a restriction on the transfer of that interest; and (3) is the restriction enforceable under nonbankruptcy law.  *See* Doc # 40, p. 2.  The bankruptcy court then noted that the first inquiry makes it clear that Section 541(c)(2) only applies to trusts.  After concluding that the Annuity was not a trust subject to Section 541(c)(2), the bankruptcy court further concluded that it was the property of the bankruptcy estate under 11 U.S.C. § 541(a) and subject to turnover under 11 U.S.C. § 521.

On April 21, 2009, Appellants filed their Motion for Amended or Additional Findings [Doc # 44]  based on the bankruptcy court's purported failure to rule on arguments, claims, and defenses Appellants raised in their brief regarding the Trustee's Motion to Compel Turnover. Specifically, Appellants requested that the bankruptcy court rule on the applicability of C.R.S. § 10-7-106; *In re Besser,* 356 B.R. 531 (Bankr. D.Colo. 2006); and 11 U.S.C. § 541(A)(1)(a) (sic).

The Trustee filed a response to Appellants' motion wherein he argued that C.R.S. § 10-7-106 was inapplicable to the Appellants' interest in the Annuity.

The bankruptcy court denied Appellants' Motion for Amended or Additional Findings by Order dated May 12, 2009.  In the May 12, 2009 Order, the bankruptcy court concluded that there was no basis to grant Appellants the relief they requested because, based on the stipulated facts submitted by the parties, the issue of whether the Annuity was subject to any exemption was not before the court.

### III.  Standard of Review

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's rulings.  Fed. Bankr. R. 8013.  Factual findings are reviewed under the clearly erroneous standard while conclusions of law are reviewed *de novo*.  See *Sender v. Johnson*, 84 F.3d 1267, 1268 (10th Cir.1996); *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988).

### IV. Analysis

**A.  Issues on Appeal**

As a preliminary matter, I note that there is some dispute as to whether I should consider Appellants' argument that the Annuity is exempt under C.R.S. § 10-7-106.  The Trustee argues that this issue is not properly before me since Appellants did not list the Annuity as exempt property on their bankruptcy schedules or raise the issue of exemption to the bankruptcy court. Appellants effectively concede that the issue of whether the Annuity was exempt was not specifically raised in the bankruptcy court but urge me to liberally construe their pleadings and consider the issue of exemption on appeal.

Generally, "an appellate court will not consider an issue raised for the first time on appeal." *Hicks v. Gates Rubber Co.,* 928 F.2d 966, 970 (10th Cir. 1991). "Exceptions to this rule are rare and generally limited to cases where the jurisdiction of a court to hear a case is questioned, sovereign immunity is raised, or when the appellate court feels it must resolve a question of law to prevent a miscarriage of justice." *Id.* Appellants do not argue that any of these exceptions are applicable here. Thus, unless I conclude that the exemption issue was sufficiently raised in the bankruptcy court, I will not consider it here.

As set forth above, Appellants did not list the Annuity as exempt property on their bankruptcy schedules and took the position that it was not property of the bankruptcy estate under 11 U.S.C. § 541(a) both in their response to the Trustee's Motion to Compel Turnover and in the Stipulated Facts Regarding Trustee's Motion to Compel Turnover. In their subsequent briefing on the Trustee's motion, the Appellants cited C.R.S. § 10-7-106 and *In re Besser,* 356 B.R. 531 (Bankr. D.Colo. 2006), in support of their assertion that the Trustee has no interest in the Annuity. In *Besser*, the court considered whether C.R.S. § 10-7-106 was an exemption statute and whether the debtor's interest in two annuity contracts was exempt from the claims of her creditors by the terms of this statute. *Id.* at 534. The mere citation to legal authority that raises a legal issue is, however, insufficient to render the issue a proper subject for appeal. I will therefore limit my analysis to whether the bankruptcy court erred in concluding that the Annuity was the property of the bankruptcy estate under 11 U.S.C. § 541(a) and in denying Appellants' Motion for Amended or Additional Findings.

**B.  Whether the Annuity is the Property of the Bankruptcy Estate under 11 U.S.C. § 541(a)**

In determining whether the Annuity was the property of the bankruptcy estate, the

bankruptcy court considered only whether the exception for spendthrift trusts set forth in 11 U.S.C. § 541(c)(2) was applicable. Although Appellants argued to the bankruptcy court that this exception applied to the Annuity, they now concede that the Annuity does not meet the criteria set forth in Section 541(c)(2). Appellants maintain though, as they argued in their February 24, 2009 brief on the Trustee's Motion to Compel Turnover, that the Annuity is not property of the bankruptcy estate by virtue of C.R.S. § 10-7-106. Section 10-7-109 provides

> [w]henever, under the terms of any annuity or policy of life insurance, or under any written agreement supplemental thereto, issued by any insurance company, ... lawfully doing business in this state, the proceeds are retained by such company at maturity or otherwise, no person, other than the insured, entitled to any part of such proceeds ... shall be permitted to commute, anticipate, encumber, alienate, or assign the same, or any part thereof, if such permission is expressly withheld by the terms of such policy or supplemental agreement; and, if such policy or supplemental agreement so provides, no payment of interest or principal shall be in any way subject to such persons' debts, contracts, or engagements nor to any judicial processes to levy upon or attach the same for payment thereof.

The authorities applying C.R.S. § 10-7-106 cited by Appellants address whether this statute creates an exemption for the owner or the beneficiary of an annuity contract. In the bankruptcy context, exempt property refers to property that comes into the bankruptcy estate but is subject to being removed from the estate and returned to the debtor because of a state or federal exemption statute. *In re Hayes III,* 168 B.R. 717, 728 n. 38 (D. Kan. 1994). In contrast, excluded property refers to property that does not pass into the estate under 11 U.S.C. § 541(a) in the first instance. *Id.* Appellants have failed to identify any authority addressing whether C.R.S. § 10-7-106 operates to exclude, as opposed to exempt, payments under an annuity contract from the broad scope of property included in the bankruptcy estate under 11 U.S.C. § 541(a). Nonetheless, the analysis of the authorities considering whether Section 10-7-106 creates an exemption for the owner or the beneficiary of an annuity contract is instructive in analyzing

whether this statute operates to exclude payments under an annuity contract form the bankruptcy estate.

In *In re Brown,* 387 B.R. 611, 614 (D. Colo. 2008), the court concluded that C.R.S. § 10-7-106 provided an exemption for an annuity payment due a bankrupt beneficiary provided that the proceeds of the annuity are retained by the insurance company and the annuity's express terms withhold the right of the beneficiary to assign or encumber those payments.  Here, the Trustee argues that Section 10-7-106 is inapplicable because the Annuity does not expressly prohibit Mr. Olson from commuting, anticipating, encumbering, alienating, or assigning his interest as a beneficiary under the Annuity.   In response, Appellants argue that the endorsement to the Annuity referenced in the parties' stipulated facts prohibits Mr. Olson from transferring or encumbering  his interest in the Annuity and that the Annuity is therefore not the property of the bankruptcy estate pursuant to Section 10-7-106.  I agree with the Trustee's interpretation of the terms of the Annuity.

> To reiterate, the applicable endorsement to the Annuity provides
>
> Notwithstanding any provisions to the contrary, ownership of the contract to which this endorsement is attached shall not be changed.  The contract shall be irrevocable, non-assignable, and otherwise non-transferable.  The contract may not be modified, and shall have no cash value.

Thus, by its plain language, the endorsement prohibits transfer or modification of the Annuity itself.  Mr. Olson is not a party to the Annuity, which was entered into by Ms. Branson and Americo Financial Life and Annuity Insurance Company, and only has right to receive payments under the Annuity as Ms. Branson's designated beneficiary.  The endorsement makes no reference to payments under the Annuity.  Since the express terms of the Annuity do not restrict Mr. Olson's ability to assign or encumber his right to receive payments thereunder, C.R.S. §10-

7-106 is inapplicable, and Appellants cannot claim that the Annuity is excluded from the bankruptcy estate by virtue of this statute.

I therefore conclude that the bankruptcy court did not err in concluding that the Annuity was th property of the bankruptcy estate under 11 U.S.C. § 541(a) and in granting the Trustee's Motion to Compel Turnover.

**C.  Whether the Appellants are Entitled to Amended or Additional Findings**

I have addressed two of the issues raised in Appellants' Motion for Amended or Additional Findings, *ie.* the applicability of C.R.S. § 10-7-106 and *Besser,* in my analysis of whether the bankruptcy court erred in concluding that the Annuity was the property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a).  Thus, although I agree that it may have been appropriate for the bankruptcy court to consider these issues which were raised in Appellants' brief on the Trustee's Motion to Compel Turnover, the bankruptcy court's failure to do so was harmless since these authorities do not support a different disposition of the Trustee's motion.

The final issue presented in Appellants' Motion for Amended or Additional Findings is whether 11 U.S.C. § 541(a)(5) limits the payments under the Annuity that become the property of the bankruptcy estate.  Although they mis-cited the statute, Appellants clearly raised this issue in their Brief in Support of Objection to Trustee's Motion to Compel Turnover.  *See* Doc # 39, pp. 2-3.  The bankruptcy court's April 10, 2009 Order stated that "[i]f the Annuity interest is property of the estate, all monthly payments received by [Appellants] from the petition date must be turned over to the Trustee under 11 U.S.C. § 521(a)."  This suggests that the bankruptcy court may have considered and rejected Appellants' argument that 11 U.S.C. § 541(a)(5) limited the payments under the Annuity that became property of the bankruptcy estate.  Nonetheless,

because the April 10, 2009 Order does not specifically address the applicability of Section 541(a)(5), I will assume that the bankruptcy court did not address this issue for purposes of this appeal.

> Under Section 541(a)(5), property of the bankruptcy estate includes
>
> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date --
>
> (A) by bequest, devise, or inheritance; ...; or
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

Appellants argue that this statute limits the bankruptcy estate's interest in the Annuity to six monthly payments because Mr. Olson's interest in the Annuity payments do not vest unless he is alive on the payment date. This argument is not supported by the language of Section 541(a)(5), and Appellants have not cited any other supporting legal authority. The bankruptcy court's failure to specifically address the applicability of Section 541(a)(5) was therefore harmless since this statute does not support a different disposition of the Trustee's Motion to Compel Turnover.

Because none of the issues raised in Appellants' Motion for Amended or Additional Findings would alter the ruling on the Trustee's Motion to Compel Turnover, I conclude that the bankruptcy court did not err in denying Appellants' motion.

IT IS THEREFORE ORDERED that

1. The United States Bankruptcy Court for the District of Colorado's Order dated April 10, 2009 granting the Trustee-Appellee's Motion to Compel Turnover [Doc # 40] is AFFIRMED; and

2. The United States Bankruptcy Court for the District of Colorado's Order dated May 12, 2009 denying Debtors-Appellants' Motion for Amended or Additional Findings [Doc # 46] is AFFIRMED.

Dated: November __16__, 2009 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE